SUMMERS, Justice,
is of the opinion that the writs should be granted.
The authority under which the State’s attorney has provoked these proceedings is Article 17.1 of the Code of Criminal Procedure. That legislative enactment provides :
“The attorney-general or any district attorney when informed that a crime or misdemeanor has been committed and that no complaint or declaration thereof has been made before any judge or justice of the peace shall inquire ex officio into the fact by causing all persons believed to have some knowledge of the fact to be summoned before a judge or justice of the peace, that their depositions may be taken.”
Although I am of the opinion that the district attorney has the authority and, in fact, the duty to inquire into the commission of crimes and misdemeanors by summoning all persons believed to have knowledge thereof before a judge or justice of the peace that their depositions may be taken, it is my opinion that the “open hearing” being conducted is not countenanced by this authority.
As I view the legislative mandate, the purpose of the legislation is to assist the district attorney in ascertaining the validity of the information which he has received that a crime has been committed.
The law by Article 17.1 grants to the district attorney the power of subpoena, which he would not otherwise have except by provoking a session of the grand jury. The jurisprudence of this State has recognized that Article 17.1 is designed to afford the district attorney the same facility for compulsory process available in grand jury proceedings. Grand jury proceedings, of *570 course, are secret, and no detriment to the district attorney’s proper objective can result by adhering to the clear intent and unmistakable language of Article 17.1 and confining these proceedings to the presence of a judge or justice of the peace as the case may be.
The taking of depositions authorized by Article 17.1 cannot be assimilated to hearings held in connection with congressional investigations and the State’s reliance upon such a remote and inappropriate comparison to sustain its position that there should be an “open hearing” emphasizes the weakness of its position in legal contemplation.
Furthermore, the majority in refusing the writs herein, has, through the vehicle of a per curiam opinion, sought to supply the deficiencies of Article 17.1 by what is,, in my opinion, judicial legislation. The stated objective of the majority is to provide “(F) or the orderly and proper administration of justice to all * * The orderly and proper administration of justice requires that this court not usurp the prerogative of the legislature, which it does-by permitting this “open hearing” contrary to the legislative mandate which authorizes an “inquiry” by “deposition” before a “judge”. Supposed “public interest” under which the majority seeks to justify its action can never serve as a basis for abandoning constitutional safeguards. It is the very essence of judicial function that it not he swayed by public clamor.